```
                  UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| KRISTOFERR COOPER,<br><br>           Plaintiff,<br>    v.<br><br>CAMDEN COUNTY JAIL,<br><br>           Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-cv-07012 (JBS-AMD)<br><br>OPINION |

APPEARANCES:
Kristoferr Cooper, Plaintiff Pro Se
1083 Lake Shore Drive
Camden, NJ 08104

**SIMANDLE, Chief District Judge:**

**I.    INTRODUCTION**

Plaintiff Kristoferr Cooper seeks to bring a civil rights complaint against Camden County Jail ("CCJ") pursuant to 42 U.S.C. § 1983 for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1.

28 U.S.C. 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under Section 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

1

For the reasons set forth below, the Court will dismiss the Complaint with prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

## II. BACKGROUND

With respect to factual allegations giving rise to his claims, Plaintiff's Complaint states in its entirety: "I was packed in a room with 4 to 5 men. You would have to step over people to use the bathroom that someone was sleeping next to." Complaint § III(C).

Plaintiff alleges that these events occurred: "5/05 – 2/09." *Id.* § III(B).

Plaintiff alleges that he sustained "head & back injuries" from these events. *Id.* § IV.

Plaintiff seeks to be compensated for his "pain and suffering along with the reward for a civil rights violation for having four men in a cell made for 2." *Id.* § V.

## III. STANDARD OF REVIEW

To survive *sua sponte* screening under 28 U.S.C. § 1915(e)(2) for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for

2

the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**IV.   DISCUSSION**

Plaintiff asserts claims against CCJ for allegedly unconstitutional conditions of confinement. Even construing the Complaint as seeking to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 for alleged prison overcrowding in relation to Plaintiff "sleeping on cold floor" (Complaint § III(C)), any such purported claims must be dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

First, claims against CCJ must be dismissed with prejudice because defendant is not a "state actor" within the meaning of § 1983. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983.

Second, "plaintiffs who file complaints subject to dismissal should receive leave to amend unless amendment would

3

be inequitable under [§ 1915] or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). This Court denies leave to amend at this time as Plaintiff's Complaint is barred by the statute of limitations, which is governed by New Jersey's two-year limitations period for personal injury.[1] *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). The accrual date of a § 1983 action is determined by federal law, however. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014). "Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez*, 773 F.3d at 480 (internal quotation marks omitted).

Plaintiff alleges that the events giving rise to his claims occurred: "5/05 – 2/09." Complaint § III(B). The allegedly unconstitutional conditions of confinement at CCJ would have been immediately apparent to Plaintiff at the time of detention. Accordingly, the statute of limitations for Plaintiff's claims expired in February 2011. As there are no grounds for equitable

---

[1] "Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint sua sponte under § 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 111–12 (3d Cir. 2013) (per curiam).

4

tolling of the statute of limitations,[2] the Complaint will be dismissed with prejudice. *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d Cir. 2013) (per curiam) (affirming dismissal with prejudice due to expiration of statute of limitations).

V.   **CONCLUSION**

For the reasons stated above, the Complaint is dismissed with prejudice for failure to state a claim. An appropriate order follows.

**February 15, 2017**                      **s/ Jerome B. Simandle**
Date                                        JEROME B. SIMANDLE
                                            Chief U.S. District Judge

---

[2] Equitable tolling "is only appropriate '(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.'" *Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014) (quoting *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009)).